FILED
2011 Sep-30  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ERIC S. HARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | Removed from Circuit Court of |
| | ) | Madison County, Alabama |
| | ) | Case No. CV-2011-901150.00 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF REMOVAL

Defendant Bank of America, N.A., ("Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1653, files this Notice of Removal, removing this civil action from the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division.   In support of the Notice of Removal, Defendant states as follows:

## I.   PROCEDURAL BACKGROUND

1.   On August 29, 2011, Plaintiff Eric S. Hardin ("Plaintiff") filed this lawsuit against Defendant alleging violation of the Fair Credit Reporting Act ("FCRA") and state law claims of negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff.   (*See* Complaint ("Compl.") ¶ 38, 44.)   Plaintiff seeks statutory, actual, compensatory, and punitive damages, and costs of the action including litigation expenses. (*See* Compl. pg. 7).

## II.   FEDERAL QUESTION JURISDICTION

2.   Removal of this action is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff has explicitly made claims for relief pursuant to FCRA, 15 U.S.C. § 1681 *et seq. See* Compl., ¶¶ 34–41.

3. By specifically alleging violations of the FCRA, Plaintiff has affirmatively placed the alleged violation of a federal statute at issue. *See* Compl., ¶¶ 30, 40–41; *see also Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1278 (M.D. Ala. 2001) (holding that a complaint premised on FCRA gave the court federal question jurisdiction).

4. Because Plaintiff's Complaint explicitly asserts relief pursuant to the FCRA, a federal question is presented, and Defendant may properly remove this action to this Division and District pursuant to federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. This Court also has supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## IV. THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED.

5. Because this Notice of Removal was filed within thirty days of service of the Complaint upon Defendant, it is timely under 28 U.S.C. § 1446(b).

6. This Defendant is the only non-fictitiously named defendant in the action.

7. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

8. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant are attached hereto as **Exhibit A**.

9. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Alabama.

10. In accordance with 28 U.S.C. § 1446(d), Defendant has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

11. The allegations of this Notice are true and correct, and this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern

Division, and this cause is removable to the United States District Court for the Northern District of Alabama, Southern Division.

12.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

<b>CONCLUSION</b>

For the foregoing reasons, Defendant respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: September 30, 2011                     Respectfully Submitted,

Alan M. Warfield
Kary Bryant Wolfe
Mary Colleen Beers
*Attorneys for Bank of America, N.A.*

OF COUNSEL:
**Jones, Walker, Waechter, Poitevent,**
**  Carrère & Denègre LLP**
1819 5th Avenue North, Suite 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
(205) 244-5200 Telephone
(205) 244-5400 Facsimile
awarfield@joneswalker.com
kwolfe@joneswalker.com
mbeers@joneswalker.com

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2011, I caused copies of the foregoing to be sent via U.S. mail, postage-prepaid, to the following:

John G. Watts
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

M. Stan Herring
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

OF COUNSEL

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>47-CV-2011-901150.00 |

## IN THE CIVIL COURT OF MADISON, ALABAMA
### ERIC S. HARDIN V. BANK OF AMERICA, NA

BANK OF AMERICA, NA, C/O BRIAN T. MOYNIHAN 100 NORTH TRYON STREET, CHARLOTTE, NC 28255

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ERIC S. HARDIN
pursuant to the Alabama Rules of the Civil Procedure

8/29/2011 6:56:07 PM          /s JANE C. SMITH
Date                          Clerk/Register                          By

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____
Date                            Server's Signature

Office of the CEO

SEP 02 2011

8/29/2011 6:56 PM
CV-2011-901150.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
JANE C. SMITH, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| ERIC S. HARDIN, an individual,      ) | |
|      ) | |
|     Plaintiff,      ) | |
|      ) | |
| v.      ) | Civil Action No.: |
|      ) | |
| BANK OF AMERICA, NA a      ) | |
| Corporation, Fictitious Defendants "A",      ) | |
| "B" and "C" thereby intending to refer      ) | |
| to the legal entity, person, firm or      ) | |
| corporation which was responsible for      ) | |
| or conducted the wrongful acts alleged      ) | |
| in the complaint; Names of the      ) | |
| Fictitious parties are unknown to the      ) | |
| Defendants at this time but will be      ) | |
| added by amendment when ascertained,      ) | |
|      ) | |
|     Defendants.      ) | |

### COMPLAINT

COMES NOW the Plaintiff, Eric S. Hardin, by and through counsel, in the above styled cause, and for the Complaint against the Defendants states as follows:

1. This is an action brought by consumers for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and state law.

### Parties

2. The Plaintiff, Eric S. Hardin ("Hardin" or "Plaintiff"), is a natural person who resides in Alabama.

3.  Defendant[1] Bank of America, NA[2] ("BOA") is a foreign company that furnishes consumer credit information about Plaintiff and engages in business in Madison County, Alabama.

4.  Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the counterclaim; names of the Fictitious parties are unknown to the Defendants at this time but will be added by amendment when ascertained.

**Factual Allegations**

5.  Plaintiff had two accounts with Countrywide Home Loans.

6.  Plaintiff's first mortgage was identified by account number XXXX8486.

7.  Plaintiff's home equity line of credit was identified by account number XXXX4398.

8.  The XXXX8486 account was paid off on or about November 23, 2005.

9.  The XXXX4398 loan was paid off on or about November 23, 2005.

10. Both accounts were in good standing prior to being paid off.

11. Both accounts were paid in full with no lates or negative activity.

12. Despite this, the Defendant BOA reported inaccurate information about these accounts.

13. This included, but not limited to, reporting late payments, failing to report that the accounts were paid in full, failing to report that the accounts were closed, and other incorrect information.

---

[1] Defendant or BOA refers to all Defendants, named and described in a fictitious manner.

[2] The company which apparently did the credit reporting at issue was BAC Home Loan Servicing, LP but it appears that that company has been merged into the Defendant BOA within the last month or two so BOA is listed as the Defendant.

14. Plaintiff engaged in numerous efforts to correct the inaccurate credit reporting entries but was not successful until the latter part of November 2009.

15. Plaintiff properly disputed the accuracy of these accounts with one or more consumer reporting agencies, including Trans Union, and the Defendant negligently, wantonly, willfully, maliciously, and/or wrongfully failed to conduct a proper investigation which resulted in the false and inaccurate credit reporting remaining on Plaintiff's credit reports.

16. Defendant was properly notified by one or more of the consumer reporting agencies, including Trans Union, of Plaintiff's dispute(s).

17. Plaintiff is a "consumer" as defined by the FCRA.

18. BOA failed to properly investigate this dispute.

19. BOA was provided with more than sufficient information in the dispute and in its own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

20. The importance of keeping false information on credit reports is that BOA understands that one of the most powerful methods furnishers have to wrench payment from a consumer is by placing accounts and judgments on the consumer's credit reports.

21. BOA has a policy and procedure to refuse to correct credit reports of consumers, like Plaintiffs.

22. The reason is to keep false information on the credit report when BOA knows no money is owed.

23. BOA assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

24.   BOA has a policy to "park" its accounts on at least one of the consumer's credit reports. This is a term in the industry for keeping a false information on the account on the credit report so that the consumer will be forced to pay off BOA in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' wrongful conduct.

25.   In parking or allowing the parking of an account BOA knows it is violating their obligations and duties under state and federal law to accurately report the account and the balance.

26.   BOA knows that parking a balance will lead to false and defamatory information being published every time Plaintiffs' credit reports are accessed and this is the malicious and intentional design behind BOA's actions with the goal to force Plaintiffs to pay on an account Plaintiffs do not owe.

27.   BOA maliciously, willfully, intentionally, recklessly, and/or negligently failed to conduct a proper investigation on Plaintiffs' disputes, which led as a direct result and consequence to BOA either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

28.   BOA has failed to properly investigate the account in response to the disputes made by Plaintiff.

29.   The conduct of the BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

30. It is a practice of BOA to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

31. BOA is a sophisticated business and it knows its conduct is wrong.

32. All actions taken by employees, agents, servants, or representatives of any type for BOA were taken in the line and scope of such individuals (or entities') employment, agency or representation.

33. All actions taken by BOA were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

35. Defendant BOA  is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

36. Plaintiffs notified one or more consumer reporting agencies directly of a dispute on the account's completeness and/or accuracy, as reported.

37. The consumer reporting agencies properly notified BOA of Plaintiff's disputes in accordance with the FCRA requirements.

38. BOA failed to delete information found to be inaccurate, failed to correct false information, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

39. BOA failed to conduct a proper and lawful reinvestigation.

40. All actions taken by BOA were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and/or that knew or should have known that its actions were in reckless disregard of the FCRA.

41. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

43. BOA intentionally published false and defamatory information related to the accounts.

44. BOA acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of the accounts; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

45. BOA assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

46. BOA violated all of the duties the BOA had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

6

47. It was foreseeable, and BOA did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

48. BOA acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of BOA's accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

49. BOA invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

50. BOA acted with intentional, reckless, or wanton conduct in reporting this false information.

51. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the consumer reporting agencies.

52. As a result of this conduct, action, and inaction of BOA, Plaintiff has suffered damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. An award of statutory, actual, compensatory and punitive damages, and costs of the action including litigation expenses, together with reasonable attorney's fees.

B. Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or state law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**Watts Law Group, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
**M. Stan Herring, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

Serve defendants via certified mail at the following addresses:

Bank of America, NA
c/o Brian T. Moynihan
Corporate Center
100 North Tryon Street
Charlotte, NC 28255

8/29/2011 6:56 PM
CV-2011-901150.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
JANE C. SMITH, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| ERIC S. HARDIN, an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No.:** |
| | ) |
| BANK OF AMERICA, NA a | ) |
| Corporation, Fictitious Defendants "A", | ) |
| "B" and "C" thereby intending to refer | ) |
| to the legal entity, person, firm or | ) |
| corporation which was responsible for | ) |
| or conducted the wrongful acts alleged | ) |
| in the complaint; Names of the | ) |
| Fictitious parties are unknown to the | ) |
| Defendants at this time but will be | ) |
| added by amendment when ascertained, | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS TO DEFENDANT BANK OF AMERICA, NA

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state

the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

2

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203.**

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

4

## INTERROGATORIES

1.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

   (a)      Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

   (b)      If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

   (c)      Please explain and describe your understanding of their knowledge of such facts.

2.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant or Credit Reporting Agency, as well as the Plaintiff, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiffs' complaint, or your answer, anticipated answer and/or defenses thereto.

3.      Please state whether you have reported any accounts of or related to the Plaintiff and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with the report, and explain and describe the manner and identifiers under which you received the information.

5

4.    State all of the facts and describe all actions you took, including not limited to correspondence and communications with any consumer reporting agency, furnisher, creditor or potential creditor, or the plaintiff, with regard to or which in any way references the Plaintiff and/or any of the accounts of the Plaintiff.

5.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database by whatever name called for the three (3) years prior to and including the year of the filing of this action.  Please also state your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure you conduct a reasonable and proper reinvestigation of any disputed accounts for the three (3) years prior to and including the year of the filing of this action.

6.    If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

7.    If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

8.   State whether you have reported data on the Plaintiff's consumer reports which is inaccurate and, if so, state why such inaccurate information was reported to the credit bureas and/or was placed on his/her/their consumer report(s), state the date(s) such report(s) was (were) issued, to whom the report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on his/her/their consumer report(s).

9.   State your procedures (and identify all documents related thereto) designed to assure the proper investigation or reinvestigation of disputed consumer data and the overall accuracy of the information in your consumer credit database and consumer reports you issued for the three (3) years prior to and including the year of the filing of this action.

10.  For each dispute of any type from or related to the Plaintiff (whether received from a CRA or directly from the Plaintiff) or concerning any account of Plaintiff, please describe the process of the investigation and the result of the investigation as set forth below:

   (a)   List the date of each such dispute;

   (b)   Describe the policy and procedure for investigating the dispute including what documents are to be consulted or reviewed; what documents are to be generated; and the identities or description of who is to be involved in any manner with making the decisions;

   (c)   For each dispute (listing the date) describe in detail whether the above described policy and procedure for investigating the dispute was followed; what documents were consulted or reviewed; what documents were generated; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the investigation; and the result of the investigation.

7

11.   For each dispute that was received by you related to the Plaintiff, identify the following:

    a.   The amount of time the person or persons spent investigating each dispute;

    b.   Whether each person or persons are employed by you;

    c.   Whether each person or persons could make an outbound call in the investigation;

    d.   Whether each person or persons could send or receive an email;

    e.   Whether each person or persons could send or receive a fax;

    f.   The amount of compensation each such person or persons received for the investigation; and

    g.   Whether each person or persons complied with your policies and procedures in the investigation of the Plaintiff's dispute.

12.   Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject[s] of any defense[s] you have raised to this lawsuit.

13.   Please list, explain and describe each and every contact or communication you received from the CRAs which, in any way, referenced Plaintiff. This request would include any GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls and other means of communication.

14.   Identify all suits against you or any related company since January 1, 2007, related to a claim that you had falsely reported information about the Plaintiff to the CRAs. State for each case whether you reported information that was accurate or false. Finally, for each suit, state what changes were made to your policies and procedures for reporting information to the CRAs and handling investigation/reinvestigations.

8

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Requests For Production of Documents to Plaintiff herein, through Plaintiff's attorney of record, within the provisions the Rules of Civil Procedure.

1.   Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.   Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3.   Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to any consumer reporting agency, during each of the three (3) years prior to this lawsuit and up to the present.

4.   Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering previously reported data to any consumer reporting agency or any other entity, during each of the three (3) years prior to this lawsuit and up to the present.

5.   Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, during each of the three (3) years prior to this lawsuit and up to the present.

6.   Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and

its revisions or amendments provided to your employees, during each of the three (3) years prior to this lawsuit and up to the present.

7.   Please produce your policy manuals, procedure manuals, or other documents or video, which are provided to your employees or independent contractors concerning retention, alteration, correction, investigation, dissemination or disposal of data provided to any consumer reporting agency or any other entity or placed in any report during each of the three (3) years prior to this lawsuit and up to the present.

8.   Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

9.   Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes, including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls, and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or furnisher, in each of following three (3) years prior to this lawsuit and up to the present.

10.   Please produce all of your documents evidencing or including data concerning the names, addresses, telephone numbers and personnel files of current employees and current whereabouts of each and every one of your employees who communicated with Plaintiff, investigated the plaintiff's dispute, or handled, processed, updated in any way Plaintiff's credit reports and/or accounts or tradelines.

11.   Please provide a complete audit trail of any document(s), computer(s), or other data held by you which constitute, indicate, address or discuss your investigation or reinvestigation or modifying or amending any information regarding Plaintiff reported by you.

12.   Please produce all documents which constitute consumer dispute verification (CDV's), Universal Data correction forms, correspondence with any consumer reporting agency, data deletion forms, or any other documents which request an alteration and/or deletion of data you or any other defendant, individual or entity had reported about Plaintiff, which contained any one of Plaintiff's personal identifiers.

13.   Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

14.   Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

15.   Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or collection agency or furnisher or government bureau or any Better Business Bureau which in any way relates to the account or Plaintiff.

16.   Please produce all documents which refer in any manner to the Plaintiff or any of Plaintiff's accounts or credit or consumer reports.

17.   Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLEASE SERVE WITH THE SUMMONS AND COMPLAINT

ELECTRONICALLY FILED
8/29/2011 6:36 PM
CV-2011-901150.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
JANE C. SMITH, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

ERIC S. HARDIN, an individual,     )
                            )
     **Plaintiff,**           )
                            )
**v.**                       )   **Civil Action No.:**
                            )
**BANK OF AMERICA, NA** a     )
**Corporation, Fictitious Defendants "A",** )
**"B" and "C" thereby intending to refer** )
**to the legal entity, person, firm or**  )
**corporation which was responsible for** )
**or conducted the wrongful acts alleged** )
**in the complaint; Names of the**    )
**Fictitious parties are unknown to the** )
**Defendants at this time but will be**  )
**added by amendment when ascertained,** )
                            )
     **Defendants.**         )

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF BANK OF AMERICA, NA BY VIDEO AND/OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**      **Corporate Representative of Bank of America, NA**

**DATE:**           **December 5, 2011**

**TIME:**            **10:00 a.m.**

**PLACE:**          **M. Stan Herring P.C &**
                   **Watts Law Group**
                   **The Kress Building**
                   **301 19th Street North**
                   **Birmingham, AL 35203**

**Please note that pursuant to Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual(s) to testify as to the following matters:**

    1.    All allegations of fact stated in the complaint in this lawsuit.

2. All affirmative defenses asserted by the Defendant.

3. Whether or not Defendant's credit reportings to the major credit reporting agencies relating to Plaintiff were accurate.

4. Whether or not Defendant's credit reportings to the major credit reporting agencies relating to Plaintiff were accurate.

5. Whether or not Plaintiff owes or ever owed money to Defendant.

6. The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff (whether directly to Defendant or through a CRA) would result in accurate credit reportings relating to Plaintiff.

7. The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

8. The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the reinvestigation of any trade lines appearing on Plaintiff's credit report.

9. The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those reinvestigations.

10. The existence and content of any reports or documents assessing the accuracy or reliability of credit reporting submitted by Defendant including any reports to or by the credit reporting agencies regarding the accuracy and reliability of those reportings.

11. Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

12. Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

13. The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

14. The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

15. The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

16. The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

17. Scope of Defendant's employees' authority to correct credit reporting errors.

18. The existence and content of any policy or procedure for handling credit reporting reinvestigations.

19. The documents which are regularly maintained by the Defendant relative to any investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

20. The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

21. The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

22. The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

23. Identity of any person participating in the opening, servicing or handling of the transaction underlying this lawsuit (i.e. the account) or events surrounding it.

24. Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

25. Any releases or waivers signed by the Plaintiff.

26. Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

27. Whether or not the Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at § 1681a(c).

28. The existence of, date of and receipt of any credit applications from the Plaintiff.

29. The manner in which the Defendant reports or otherwise furnishes credit information to credit reporting agencies.

30. The procedures in place at the Defendant to insure that false or inaccurate information is not reported on any consumer's credit report or to any credit reporting agency.

31.   Whether or not the Defendant has reported credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

32.   The format of the Defendant's credit reportings [e.g.] Metro or Metro II format.

33.   The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

34.   The capability of the Defendant's computer to reproduce records of past credit reportings to consumer reporting agencies.

35.   The policy, practice, and procedure relating to incomplete reporting of the available data fields or segments reported to credit reporting agencies.

36.   Whether or not Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

37.   Whether or not the Defendant received notice from any consumer reporting agency that Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

38.   The time and form in which such dispute was received, and the identity of any persons reviewing or acting on it.

39.   The time, place, and manner in which any actions were taken in response to any such notice.

40.   The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the Defendant, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

41.   The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff's of credit information supplied by the Defendant.

42. ·  The identity of any individual who participated in or supervised any investigation or reinvestigation of a credit reporting dispute by Plaintiff's of credit information supplied by the Defendant.

43.   The existence and nature of the legal relationship between the Defendant and any consumer reporting agencies to which it reports credit information.

44.   Any conditions under which the Defendant has agreed to make its data available to the any consumer reporting agency to which it reports credit information.

45.   Whether or not the Defendant's actions in relation to its in investigating or reinvestigating its credit reporting and the reporting of credit data relating to the Plaintiff was willful.

46.   Whether or not the Defendant willfully failed in its duties to properly investigate or reinvestigate credit disputes sent by the Plaintiff to consumer reporting agencies.

47.   The motive and intent of the Defendant's actions in relation to its reporting and investigation or reinvestigation of the credit information relating to Plaintiff's personal identifiers.

48.   The policy and procedure from when to not respond to a consumer's direct dispute to the Defendant concerning allegedly false information on a credit report.

Plaintiff hereby requests all deponents bring all documents responsive to and in support of the categories listed above and present the originals of these documents for inspection and copying at the deposition.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

PLEASE SERVE WITH THE SUMMONS AND COMPLAINT



**AlaFile E-Notice**

47-CV-2011-901150.00

To:  BANK OF AMERICA, NA
     C/O BRIAN T. MOYNIHAN
     100 NORTH TRYON STREET
     CHARLOTTE, NC 28255

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

ERIC S. HARDIN V. BANK OF AMERICA, NA
47-CV-2011-901150.00

The following complaint was FILED on 8/29/2011 6:56:07 PM

Notice Date:     8/29/2011 6:56:07 PM

JANE C. SMITH
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL 35801

256-532-3390
jane.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>47-CV-201<br>Date of Filing:<br>08/29/2011 | 8/29/2011 6:56 PM<br>CV-2011-901150.00<br>CIRCUIT COURT OF<br>MADISON COUNTY, ALABAMA<br>JANE C. SMITH, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF MADISON COUNTY, ALABAMA
### ERIC S. HARDIN v. BANK OF AMERICA, NA

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other      ☐ Government  ☐ Other

---

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FCRA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
   Appeal/Enforcement of Agency Subpoena/Petition to
   Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory
   Judgment/Injunction Election Contest/Quiet Title/Sale For
   Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING    A ☐ **APPEAL FROM**    O ☐ **OTHER**
                   **DISTRICT COURT**

       R ☐ REMANDED    T ☐ **TRANSFERRED FROM**
                   **OTHER CIRCUIT COURT**

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ Yes  ☑ No

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**   WAT056    8/29/2011 6:52:25 PM    /s/ JOHN GRIFFIN WATTS

---

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided